**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 97-4647

LARRY COVINGTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-55)

Submitted: February 17, 1998

Decided: June 22, 1998

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Matthew S.
Bode, Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Covington seeks review of his jury convictions for assault with a dangerous weapon with the intent to commit murder, in violation of 18 U.S.C.A. § 113(a)(1) (West 1994 & Supp. 1997), assault resulting in serious bodily injury, in violation of 18 U.S.C.A. § 113(a)(6) (West 1994 & Supp. 1997), and possession of a shank, in violation of 18 U.S.C.A. § 13 (West 1994 & Supp. 1997).

Covington's convictions stem from an altercation with Mark Watson, a fellow inmate, at the Lorton Reformatory on August 22, 1996. During this altercation, Covington allegedly stabbed Watson with a shank, causing serious bodily injury which involved a substantial risk of death.* At trial, the defense relied on the testimony of Lorton inmate Ronny Payne. Payne testified that he, rather than Covington, assaulted Watson. Covington also asserted an alibi defense claiming that he was in his cell at the time of the attack. Despite this testimony the jury chose not to believe Payne and convicted Covington.

On appeal, Covington contends that the Government's evidence was insufficient in light of Payne's confession during the trial. We disagree. On direct appeal of a criminal conviction, a verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

In the present case, we find that the evidence overwhelmingly supports Covington's convictions. Contrary to Covington's assertions, our review of the record discloses that several Government witnesses testified that they saw Covington running toward Watson, striking his head, and that Covington was standing over Watson after he collapsed. Further testimony revealed that on the day of the assault Covington was given time out of his cell and access to the tier. There was also testimony that both Covington and Watson were escorted to the medical facility after the assault and that while Covington was being

_____

*The parties stipulated to this fact at trial.

2

transported to the medical facility he thanked fellow inmate, Anton Atwiff. Upon further investigation, a shank was recovered from Atwiff's cell. Finally, the Government established on cross-examination that when Payne testified before the grand jury he did not confess to the assault, but testified that he did not see anyone attack Watson. Accordingly, we find that the record supports the jury's conclusion that Covington was guilty of assault with the intent to murder, assault resulting in serious bodily injury, and unlawful possession of a shank.

Covington also challenges several of the district court's evidentiary rulings. We review these rulings for an abuse of discretion. See United States v. Ellis, 121 F.3d 908, 926 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095).

First, Covington alleges that the district court erroneously precluded the defense from introducing evidence that while Watson was being treated for his injuries a shank was discovered in his pants. We disagree. The judge excluded the evidence apparently on the basis that it lacked probative value and was highly prejudicial. See Fed. R. Evid. 403. Here the defense did not assert a claim of self-defense. Consequently, the fact that a shank was found on the victim lacked substantial probative value and could have unnecessarily confused the jury.

Covington also contends that the district court should have permitted him to introduce evidence of Watson's violent character. The federal rules of evidence permit "[e]vidence of a pertinent trait of character of the victim of the crime [to be] offered by an accused." Fed. R. Evid. 404(a)(2). Furthermore, when the "character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." Fed. R. Evid. 405(b). In the instant case, Watson's propensity for violence was not directly relevant because Covington claimed that he had an alibi, not that he acted in self-defense. Moreover, Covington read a stipulation into evidence that Watson was convicted of murder while armed and of carrying a pistol. Accordingly, the district court's exclusion of this evidence does not require reversal.

Finally, Covington asserts that the district court improperly allowed the Government to introduce a disciplinary report of Officer

3

Stevenson into evidence. During his direct testimony, Stevenson admitted that he was disciplined for leaving the panel box and tier gate open on the day of the assault. On cross-examination, defense counsel elicited that during a previous investigation, Stevenson stated that he had no idea how Covington escaped from his cell because it was locked. On redirect, the Government introduced, over defense objection, a report in which Stevenson admitted that he had left both the tier gate and the panel box open. The defense asserts that the introduction of this document had the effect of improperly bolstering the witness's credibility. Again, we believe the Appellant is wrong.

The full report was properly admitted as a prior consistent statement. Under Fed. R. Evid. 801(d)(1)(B), prior consistent statements may be proffered to rebut a charge of recent fabrication. We observe the rule that the trial court has full discretion over the extent to which prior consistent statements are admitted. See United States v. Parodi, 703 F.2d 768, 774-75 (4th Cir. 1983); see also United States v. Dominguez, 604 F.2d 304, 311 (4th Cir. 1979) (holding that trial court properly admitted prior consistent statements of Government witness pursuant to Fed. R. Evid. 801(d)(1)(B), after witness's credibility was challenged).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4